IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHTSIDE TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | C.A. No. 5:20-cv-00378 |
| WESTINGHOUSE ELECTRONICS LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lightside Technologies LLC ("Lightside" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Westinghouse Electronics LLC ("Westinghouse" or "Defendant") based on knowledge to itself and information and belief as to Defendant as follows.

**NATURE OF ACTION**

1. Pursuant to 35 U.S.C. § 271, this is an action for infringement of U.S. Patent No. 8,842,727 ("the '727 Patent").

**PARTIES**

2. Lightside is a Texas limited liability company with a principal place of business at 700 Lavaca St., Suite 1401, Austin, TX 78701-3101.

3. Defendant Westinghouse Electronics LLC ("Westinghouse") is a Delaware company with a regular and established place of business at 6255 Providence Way, Eastvale, CA 92880. Westinghouse may be served with process via its registered agent.

**JURISDICTION AND VENUE**

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original jurisdiction over the subject matter of this action as it is an action arising under the Patent Laws of the United States.

6. This Court has personal jurisdiction over Defendant as: (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly solicits business, engage in other established and persistent courses of conduct, or derive revenue from goods and services provided to individuals in this Judicial District.

7. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement within this Judicial District and has an established place of business in this Judicial District.

## THE PATENT-IN-SUIT

8. On September 23, 2014, the USPTO issued the '727 Patent, titled "Wide-Band Multi-Format Audio/Video Production System With Frame-Rate Conversion," to Ken Washino of Dumont, NJ. A true and correct copy of the '727 Patent is provided herewith as Exhibit 1.

9. Plaintiff is the owner and assignee of all substantial rights, title, and interest in the '727 Patent, as evidenced by the recorded assignment submitted herewith as Exhibit 2.

10. The '727 Patent is presumed valid under 35 U.S.C. § 282(a).

## BACKGROUND

11. Ken Washino is the inventor of the inventions claimed and disclosed in the Patents-in-Suit.

12. Mr. Washino is the epitome of the ingenious tinkerer who used inventive skills and a deep understanding of the industry to resolve a long-standing problem that succeeded where others had failed.

AGG-W-0487

13. Mr. Washino was born in Aichi Prefecture, Japan, on February 21, 1953. His parents operated a small commercial farm in this rural area. He became interested in communications and electronics at an early age, acquiring an amateur ham radio license by the time he was thirteen years old. During his junior high school and high school years, he built a transmitter and receiver from salvaged parts of an old tube television. From such experiences, he learned the basics of analog communications.

14. In 1974, Mr. Washino found a position as an audio recording engineer with a Japanese documentary film company working in the U.S. This expanded to other production and post-production tasks. During the years that Mr. Washino worked in this business, he gained a working knowledge of film production and of production and post-production processes.

15. After Mr. Washino returned to Japan, he earned an Electronics Engineering degree from Nihon Kogakuin Technical College in Tokyo in 1979, and in 1981 acquired a first class broadcast engineering license. By that time, Mr. Washino was already working as a camera design engineer for Ikegami, a Japanese manufacturer of high-end video cameras. In 1985, he was appointed Video Field Sales Engineer and sent to the U.S. This experience enabled Mr. Washino to acquire a deep insight into the competitive market for equipment and services and to appreciate the needs of and problems encountered by video professionals. Mr. Washino then decided to establish himself in the U.S. permanently and formed his own video services company, focused on video production, post-production, and video cassette duplication in New York City.

16. By late 1986, Mr. Washino had acquired the market knowledge, technical skills, and financial resources to begin working on some of the ideas he had to improve efficiency and preserve quality in video field production. He identified the need for a universal camera control system and developed a prototype. Subsequent experimentation with early digital video devices

3

soon led to his 1992 inventions for Video Field Production, Video Monitoring and Conferencing, and PC-Based Audio/Video Production. In 1989, Mr. Washino began working on high-speed video duplication and filed his first patent application in 1993.

17. From then on, Mr. Washino developed a long series of inventions related to video production, post-production and signal distribution that could accommodate the coming digital and High-Definition "multiple format" future.

18. By October 2014, Mr. Washino had been granted twenty U.S. patents on inventions for which he is the inventor or co-inventor, with fourteen foreign equivalents.

19. The Washino '727 Patent is directed to the field of video production, photographic image processing, and computer graphics. The inventions disclosed in the '727 Patent relates to a multi-format digital video production method and system capable of maintaining the full bandwidth resolution of the subject material, while providing professional quality editing and manipulation of images.

20. The claims of the '727 Patent recite the inventive concept of using a specialized high-capacity digital video storage memory supporting asynchronous program recording/writing and reproducing/reading capability for transforming lower pixel dimension (*i.e.*, lower resolution) video programs having lower frequency sampling rates into higher pixel dimension (*i.e.*, high definition and ultra-high definition) video programs having higher frequency sampling rates.

21. Upon information and belief, Westinghouse made, sold, offered for sale, used, and/or imported products in the United States that implement the inventive concept of the '727 Patent, including UHDTVs and HDTVs, including Westinghouse UHDTV/HDTVs with MEMC (referred to as "Accused Products").

AGG-W-0487

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,842,727

22. Plaintiff incorporates by reference each of its foregoing allegations.

23. Without license or authorization and in violation of 35 U.S.C. § 271(a), on information and belief, Defendant directly infringed one or more claims of the '727 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing their Accused Products, and/or induced infringement or engage in contributory infringement by such actions with their Accused Products, that performs all of the limitations of the asserted claims as shown in the accompanying claim chart, submitted herewith as Exhibit 3.

24. On information and belief, Defendant has known of the '727 Patent and that use of their Accused Products results in direct infringement of one or more claims of the '727 Patent, and Defendant has engaged in actions which have knowingly resulted in such direct infringement.

25. Without license or authorization and in violation of 35 U.S.C. § 271(b), on information and belief, Defendant infringed one or more claims of the '727 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by actively inducing direct infringement of the ''727 Patent via end-user use of their Accused Products, which, when used in normal operation and as prescribed by written operational guidance for the Accused Products as provided by Defendant, results in such end-users performing all of the limitations of the asserted claims, as shown and described in detail in the accompanying claim chart, submitted herewith as Exhibit 3.

26. Without license or authorization and in violation of 35 U.S.C. § 271(c), on information and belief, Defendant indirectly infringed one or more claims of the '727 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents,

AGG-W-0487

through offers to sell or sales within the United States or imports into the United States of one or more component(s) of an apparatus for use in practicing the methods of the '727 Patent claims and constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '727 Patent claims, and not an article or commodity suitable for substantial non-infringing use, wherein Defendant's Accused Products, when used in normal operation and as prescribed by written operational guidance for the Accused Products as provided by Defendant, result in such end-users performing all of the limitations of the asserted claims as shown in the accompanying claim chart, submitted herewith as Exhibit 3.

27.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contentions or claim construction purposes by the claim charts that it provides with this Complaint.  The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.      That this Court enter a Judgment that Defendant has infringed the '727 Patents- under 35 U.S.C. § 271;

B.      An accounting of all infringing acts including, but not necessarily limited to, those acts presented before this Court;

C.      Pursuant to 35 U.S.C. § 284, an Order for an award of damages adequate to compensate Plaintiff for Defendant's infringement, and in no event less than a reasonable royalty, together with interest and costs;

AGG-W-0487

D. Award reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action, pursuant to 35 U.S.C. § 285; and

E. Award such other and further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: February 25, 2020  Respectfully Submitted,

  **WEIDE & MILLER, LTD.**,

  */s/ R. Scott Weide*
  R. Scott Weide (CA Bar No. 155998)
  sweide@weidemiller.com
  F. Christopher Austin
  caustin@weidemiller.com
  10655 Park Run Drive, Suite 100
  Las Vegas, NV 89144
  Tel:  702-382-4804
  Fax:  702-382-4805

  *Counsel for Plaintiff*
  *LIGHTSIDE TECHNOLOGIES, LLC*

AGG-W-0487